**Opinion issued May 24, 2016**



In The

# Court of Appeals

For The

# First District of Texas

——————————————

## NO. 01-15-00978-CR

——————————————

**CLIFTON MAURICE VERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Case No. 1482693**

---

## MEMORANDUM OPINION

Appellant, Clifton Maurice Vera, pleaded guilty to the felony offense of aggravated sexual assault of a child. The trial court found appellant guilty and, in accordance with the terms of appellant's plea bargain agreement with the State,

sentenced appellant to five years' imprisonment. Appellant filed a *pro se* notice of appeal. We dismiss the appeal.

In a plea bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. *See* TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal has not been made part of the record. *See* TEX. R. APP. P. 25.2(d).

Here, the trial court's certification is included in the record on appeal. *See id.* The trial court's certification states that this is a plea bargain case and that the defendant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2). The record supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005). Because appellant has no right of appeal, we must dismiss this appeal. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

Accordingly, we dismiss the appeal for want of jurisdiction.

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).